CHARLES J. and BERNADETTE M. TORRE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Torre v. Commissioner
Docket No. 3592-82.
United States Tax Court
T.C. Memo 1984-186; 1984 Tax Ct. Memo LEXIS 482; 47 T.C.M. (CCH) 1500; T.C.M. (RIA) 84186; April 16, 1984. Charles J. Torre, pro Se. Cheryl J. Choy-Weller, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. XXIII. Respondent determined a deficiency *483 in petitioners' 1979 Federal income tax in the amount of $225. After concessions, the only issue remaining for decision is whether petitioners are entitled to a deduction for educational expenses. Some of the facts have been stipulated and are found accordingly.At the time petitioners filed their petition in this case they were residents of Albany, New York. Petitioners timely filed joint income tax returns for the taxable year 1979. During the year 1979 Charles Torre (petitioner) was employed by the New York State Department of Transportation (DOT).Until April 11, 1979, petitioner held the position of junior engineer. His duties included inspection of the construction of the Hoosick Street Bridge in Troy, New York. After April 11, petitioner served as an assistant civil engineer (physical research) in the research and development section of DOT. His duties included planning, supervision and execution of a field experiment. Petitioner left his employment with DOT in December 1979. During 1979 petitioner was enrolled in the Rensselaer Polytechnic Institute (RPI) School of Management, pursuing a master's degree in business administration. The master's degree program was *484 in general business with no specialized area of study. During 1979 petitioner took courses in financial management, introduction to economic theory, organization and management of marketing, and operating systems I. In connection with his studies, petitioner spent $1,642 for tuition and $159.57 for books. Petitioner's employer recommended 50 percent reimbursement for his studies. However, petitioner actually received only $300 in reimbursement. The maximum reimbursement per year from petitioner's employer was limited to $600. At the time of his employment petitioner had already satisfied the minimum educational requirements for qualification in his employment as a junior engineer. The courses petitioner took at RPI in 1979 did not meet the express requirements of his employer or the requirements of applicable law or regulations imposed as a condition to his retention of an established employment relationship, status or rate of compensation. Petitioner was required to travel from his job site to the DOT office which was located near his home at the end of the day. He then traveled to school for his classes and from school to his home, a total distance of 25 miles. Petitioner *485 claimed a deduction for the portion of his tuition which was not reimbursed. He also claimed deductions for his books and for the cost of traveling from his work place to school and home again at a rate of $.18.5 per mile, the applicable standard mileage rate. Petitioner contends that the educational expenses are deductible as employee business expenses. Respondent takes the position that the expenses are not properly deductible under section 162 because petitioner's course of study did not maintain or improve skills used in his employment, but rather qualified him for a new trade or business. Section 162 allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. In order to qualify for the deduction, education expenses must either (1) maintain or improve skills required by the individual in his employment, or (2) meet the express requirements of the individual's employer or the requirements of applicable law. Section 1.162-5(a)(1) and (2), Income Tax Regs.Davis v. Commissioner,65 T.C. 1014, 1018 (1976). Furthermore, *486 such expenses are not deductible (1) if the course of study satisfies the minimum educational requirements for qualification in the individual's employment, or (2) if it qualifies the individual in a new trade or business. Section 1.162-5(b)(2) and (3), Income Tax Regs.Davis v. Commissioner,supra.
Respondent and petitioner agree that the educational program does not meet an express requirement of petitioner's employer or of applicable law, and that it does not satisfy the minimum educational requirements for qualification in petitioner's employment. Respondent contends, however, that petitioner's duties were primarily technical in nature, and that his management duties were miniscule by comparison. Therefore, he concludes that the management courses for which petitioner seeks a deduction did not maintain or improve the skills required by petitioner in his employment. Furthermore, respondent contends that petitioner's course of study provided him with management skills, thus qualifying him in a new trade or business. During the year 1979 while petitioner was employed by DOT his duties were primarily in the area of technical design. Until April 11, *487 petitioner inspected bridge construction, made estimates as to the percent of completion, and approved and accepted completed construction. He made technical decisions where it was necessary to modify the original design because of unanticipated changed conditions. He was not directly responsible for the work of other field engineers, however, he did direct their assignment to various locations and set up criteria for making consistent field decisions. He also supervised the contractor as to the plan and specifications during the construction period. He was not directly concerned with the budgetary or financial aspects of the construction such as cost analysis, budgeting or financing. He did not negotiate the projects or work directly with persons involved in marketing. After April 11, petitioner was involved in an experimental design project. He was responsible for creating and developing a plan for the experiment, coordinating and executing it, and collecting and analyzing the data obtained. At this time, petitioner had no person under his direct supervision, although he was assisted by other technicians during the course of the experiment. The courses which petitioner *488 took at RPI related primarily to the financial aspects of management, including economic theory and marketing. One course dealt with production and operations research. The courses did not maintain or improve the skills used by petitioner in his employment. His responsibilities were primarily in the area of technical design, and not financial or personnel management. Petitioner argues that his employer's recommendation that he be reimbursed for his courses demonstrates that the courses were directly related to his job skills. We cannot accept petitioner's logic because we are not bound by an employer's standards in determining what is deductible. See McIlvoy v. Commissioner,T.C. Memo. 1979-248. We conclude that the course of study pursued by petitioner did not maintain or improve the skills used by him in his employment and are nondeductible personal expenses under section 262. The cost is, therefore, not a deductible educational expense under section 162. Since we have decided that petitioner's educational expenses were personal, it follows that his transportation expenses are not deductible. See Morgan v. Commissioner,T.C. Memo. 1980-505. *489 Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩